# Exhibit A
# State Court Filings

NO. **18CI04693**         JEFFERSON CIRCUIT COURT
                          DIVISION
                          JEFFERSON CIRCUIT COURT
                          DIVISION FOUR (4)

LEESHA HOWELL                              )    PLAINTIFF
                                           )
v.                                         )
                                  **COMPLAINT**
                                           )
                                           )
CIGNA GROUP INSURANCE                      )    DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH       )
AMERICA                                    )
PO BOX 22325                               )
PITTSBURGH PA 15222                        )
                                           )
                                           )
SERVE:                                     )
SECRETARY OF STATE                         )
700 CAPITOL AVE                            )
SUITE 152                                  )
STATE CAPITOL                              )
FRANKFORT KY 40601                         )
                                           )

\*\*\*              \*\*\*              \*\*\*

Comes the Plaintiff, LEESHA HOWELL, by counsel, and for her cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD") due to her under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, however if, after discovery is tendered it appears employer is a government agency this action is therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974

ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

(ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits. If not is.I

4. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

5. Plaintiff was a full-time employee of American Nursing Care dba Chi Health at Home. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 3602542..

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

9. Plaintiff applied for and was granted Short Term Disability ("STD") coverage, she was then granted LTD benefits and was paid for a significant period.

10. For reasons that are medically and contractually mysterious Cigna decided to review the file. The re-review resulted in a denial.

11. Any further appeal of either LTD would be futile and thusly, upon information and belief, the Plaintiff has exhausted all administrative remedies.

12. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work. By relying only on its reviewing physicians, Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

13. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments

considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

16. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

17. Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

18. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

19. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

20. Plaintiff was awarded SSDI benefits. Defendant can ignored the finding of SSA without adequate explanation in its decision. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT I
## BREACH OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until

the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her ERISA contractual rights as well as any other rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

**EMPLOYEE WELFARE BENEFIT PLAN**
**APPOINTMENT OF CLAIM FIDUCIARY**
(For Use With Insured Benefits Only)

Name of Plan: _American Nursing Care, Inc dba Consolidated Health Services_

Plan Number(s): _503_

Plan Administrator: _Judy Gyarmati_

Claim Fiduciary: LIFE INSURANCE COMPANY OF NORTH AMERICA
CONNECTICUT GENERAL LIFE INSURANCE COMPANY
CIGNA LIFE INSURANCE COMPANY OF NEW YORK

Plan Administrator hereby appoints the companies named above (collectively, "Claim Fiduciary") as the designated fiduciary for the review of claims for benefits under the Plan identified above, to the extent that such benefits are funded by policies of insurance issued by such companies ("Policies"). Claim Fiduciary hereby accepts this appointment. Claim Fiduciary shall discharge its duties hereunder in accordance with 29 CFR §2560.503-1, Claims Procedure, as revised effective January 1, 2002.

The Claim Fiduciary shall serve as such effective from and after the effective date of each of the Policies, even though signed subsequent to such effective date, and shall continue to serve in such capacity unless and until the Policies are no longer in force, provided, however that the Claim Fiduciary shall continue to serve as such after the Policies are no longer in force to the extent necessary to process any run-out claims under the Policies.

Within the scope of this appointment, Claim Fiduciary shall be responsible for adjudicating claims for benefits under the Plan, and for deciding any appeals of adverse claim determinations. Claim Fiduciary shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies; to decide questions of eligibility for coverage or benefits under the Plan; and to make any related findings of fact. All decisions made by such Claim Fiduciary shall be final and binding on Participants and Beneficiaries of the Plan to the full extent permitted by law. Plan Administrator shall include the foregoing in Summary Plan Descriptions furnished to Participants. Claim Fiduciary shall provide Plan Administrator with a form of Summary Plan Description, based on its standard Certificates of Insurance, which contains in substance the foregoing, in addition to a summary of the terms of the Policies. Plan Administrator is solely responsible for assuring that any form of Summary Plan Description which differs from the wording of the Summary Plan Description provided by Claim Fiduciary is consistent with the terms of the applicable Plan documents including the Policies. Plan Administrator shall provide Claim Fiduciary with copies of its Summary Plan Description for use of the Claim Fiduciary in discharging its duties as such. Plan Administrator hereby authorizes the issuance of appropriate amendments to any Policies to reflect this appointment and the authority and responsibility granted to the Claim Fiduciary.

This instrument does not authorize to Claim Fiduciary any fiduciary responsibility with respect to the administration of the Plan except as provided herein. It is understood that Claim Fiduciary's sole liability to the Plan and to Participants and Beneficiaries shall be for the payment of benefits provided with respect to Policies issued by Claim Fiduciary to the Plan.

For the Plan:

_[signature]_
By: _Judy A. Gyarmati_
Title: _Manager, Compensation & Benefits_
*(Must be executed by a person authorized to amend the Plan)*

For the Claim Fiduciary:

_[signature]_
*Officer Signature*

*Policy or Agreement Number(s):*
*FLX 964056*
*OK 965677*
*M104750*



| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

August 17, 2018

CIGNA GROUP INS. AKA. LIFE
PO BOX 22325
PITTSBURGH, PA 15222



FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-04693

COURT: Circuit Court Clerk
       Jefferson County, Division: 4
       700 West Jefferson St.
       Louisville, KY 40202
       Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| | | | |
|---|---|---|---|
| AOC-105     Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | [seal] | **CIVIL SUMMONS** | Case No. **18CI04693**<br>Court  ☑ Circuit  ☐ District<br>County  JEFFERSON CIRCUIT COURT<br>DIVISION FOUR (4) |

**PLAINTIFF**

LEESHA HOWELL

RECEIVED
AUG 17 2018
SECRETARY OF STATE

VS.

**DEFENDANT**

CIGNA GROUP INS. aka. LIFE    LIFE INS. CO. OF NORTH AMERICA
PO BOX 22325
PITTSBURGH, PA 15222

Service of Process Agent for Defendant:
SECRETARY OF STATE
700 CAPITOL AVE, SUITE 152
FRANKFORT KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG 13 2018, 2____     DAVID L. NICHOLSON, CLERK _____ Clerk
                              By: _____ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2____.
                                         Served by: _____
                                                    _____ Title